IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION 09-116-KD-M |
| | ) | |
| JOHNNY EDWARD YOUNG, | ) | |
|    Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Johnny Edward Young's objection to the Court's determination that, pursuant to 18 U.S.C. § 3582(c)(2), Defendant's term of imprisonment should be reduced from 105 months to 87 months. (Doc. 57). Specifically, Defendant argues that he is entitled to a reduction of 35 months because 1) the Court should have granted him a more significant downward departure at the time of his initial sentencing so that the extent of the departure would be commensurate with the national median percent decrease from the guideline minimum in substantial assistances cases in all offense categories; and 2) his post-conviction conduct has been "exemplary." (Id. at 2-3). Neither argument is persuasive.

The Court has already rejected Defendant's contention that, at sentencing, the Court should have downwardly departed by 49.9% from the guideline minimum. See Young v. United States, No. 11-487-KD, 2012 WL 27809, at *3 (S.D. Ala. Jan. 5, 2012) (holding that Defendant's attorney was not ineffective for not arguing that the downward departure recommended by the Government was "considerably lower tha[n] the national average"). There is no need to repeat the Court's analysis here.

As to the suggestion that Defendant's post-conviction has been exemplary and merits a reduction beyond 87 months, the Court disagrees. Defendant has committed at least two

disciplinary infractions in the fewer than 17 months that have followed the Court's imposition of sentence. (Doc. 52). Furthermore, far more extraordinary than Defendant's behavior in prison is Defendant's pre-conviction conduct. Defendant has an extensive criminal record that spans nearly three-and-a-half decades and includes a murder conviction, four burglary convictions, two assault convictions, two theft convictions, two drug felony convictions, and one robbery conviction. (Doc. 25). Additionally, Defendant has admitted to being a lifelong drug dealer and street hustler. (Id.).

The Court considered Defendant's pre- and post-conviction conduct, along with the other factors set forth in 18 U.S.C. § 3553(a), both before it imposed Defendant's sentence and when it determined that Defendant's term of imprisonment should be reduced to the high end of the guideline range that results from retroactive application of Sentencing Guidelines Amendment 750. See Doc. 53 at 1 (announcing determination to reduce term of imprisonment to 87 months "[a]fter review of the motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same"); U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 1(B)(i) (2011) (requiring the Court to consider the § 3553(a) factors in determining both whether a sentencing reduction is warranted and the extent of such reduction). Particularly, the Court finds that Defendant's history and characteristics (18 U.S.C. § 3553(a)(1)), the need for the sentence imposed to protect the public (18 U.S.C. § 3553(a)(2)(C)), and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)) call for a sentence at the high end of the amended guideline range.

Accordingly, Defendant's objection is **OVERRULED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **17th** day of **January 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**