**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHNNY EDWARD YOUNG,** | ) | |
|     **Petitioner,** | ) | |
| | ) | **CIVIL ACTION 11-487-KD** |
| **v.** | ) | **CRIMINAL ACTION 09-116-KD-M** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Respondent.** | ) | |

### ORDER

This matter is before the Court on Petitioner Johnny Edward Young ("Young")'s Rule 60(b)(5) Motion To Vacate or Modify (Doc. 61) and the Government's motion to dismiss Young's motion (Doc. 63).

The Government asserts that Young, through his Rule 60(b) motion, "seeks a vacation of his current criminal sentence in favor of a lower sentence, a matter that does not invoke the subject-matter jurisdiction of this Court." (Doc. 63 at 3). Citing United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998), the Government argues that dismissal of the motion is warranted because Rule 60(b), the rule of civil procedure concerning relief from a final judgment, order, or proceeding, does not provide for relief from the judgment in a criminal case. (Id.).

However, the Court construes Young's motion not as an attack on a criminal judgment but rather as motion to revisit the Court's disposition of Young's habeas petition. Indeed, in the title to his motion, Young makes clear that vacation or modification of this Court's "January 5, 2012 Order" is what he desires. Accordingly, as a preliminary matter, this Court must address whether Young's motion is a true Rule 60(b) motion for reconsideration or a second or successive habeas petition that must be dismissed.

The United States Supreme Court addressed this same issue in the context of a state prisoner's petition brought pursuant to 28 U.S.C. § 2254.   In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Court held that a habeas petitioner could not use a Rule 60(b) motion to circumvent the Antiterrorism and Effective Death Penalty Act's preclusion against second or successive § 2254 motions.[1]   Rather, with respect to habeas cases, a Rule 60(b) motion is proper only if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532.   The Court explained that "on the merits" refers

> to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

Id. at 532 n.4.

The Eleventh Circuit, en banc, has held that the standard announced in Gonzalez applies to federal prisoner habeas cases brought pursuant to 28 U.S.C. § 2255.   See Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011).   In Gilbert, a § 2255 petitioner moved under Rule 60(b)(5) and (6) to reopen and reconsider his habeas petition because, in his view, an intervening decision of the court of appeals had invalidated the application of the career offender enhancement to his sentencing guideline range.   The Eleventh Circuit concluded that, because petitioner sought "to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case," Rule 60(b) provided no relief.   Id. at 1323.

Similarly, Young's seeks to substantively attack his sentence in light of intervening case

---

[1]   See 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

law, specifically <u>Dorsey v. United States</u>, Nos. 11-5683 & 11-5721, 2012 WL 2344463 (U.S. June 21, 2012).  In <u>Dorsey</u>, the Supreme Court held that the Fair Sentencing Act of 2010, Pub. L. No 111-220, 124 Stat. 2372 (codified in scattered sections of 21 and 28 U.S.C.) applies to post-Act sentencings of pre-Act offenders.   However, insofar as Young asserts in his motion essentially the very same claim that he unsuccessfully sought leave to assert in an amended 2255 petition, <u>compare</u> Doc. 61 (arguing that Young is "entitled to the full benefit of the [Fair Sentencing Act] because[,] although he committed his offenses prior to its enactment date, he was sentenced after August 3, 2010")   <u>with</u> Doc. 51 (requesting permission to file an amended petition that would "argu[e] that the Fair Sentencing Act of 2010 should be applied to his case"), the present motion is precluded from consideration by the second or successive rule of § 2255(h).[2]  <u>See</u> 28 U.S.C. § 2255(h) (2006) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . . ; or (2) a

---

[2]    It appears that, even if the Court were to consider its merits, Young's motion would be denied. At the time of sentencing, as a consequence of his criminal history and the quantity of crack cocaine for which he was held accountable, Young faced a 10-year statutory mandatory minimum. <u>See</u> 21 U.S.C. § 841(b)(1)(B) (2006) (prescribing term of imprisonment of not less than 10 years if defendant's offense involves five grams or more of a mixture or substance containing cocaine base and defendant was previously convicted of a drug felony).   Based on an offense level of 25 and criminal history category of VI, the Probation Office computed an otherwise applicable guideline range of 110-137 months imprisonment.   (Doc. 25 at 20).   The Court granted the Government's motion to relieve Young from the statutory minimum and to depart downward by three offense levels.   (Docs. 36 & 37).   Accordingly, the Court imposed a below guidelines sentence of 105 months imprisonment, which corresponds with the high end of the 22/VI range.   (Doc. 38). Earlier this year, the Court modified Young's sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive post-Fair Sentencing Act amendment to the crack cocaine guideline.   (Docs. 53 & 59). Specifically, the Court reduced Young's term of imprisonment to 87 months, which corresponds with the high end of the 20/VI range (reflecting a three-level departure from the 92-115 range at 23/VI that retroactively applied to Young).   (<u>Id.</u>).   Though Young contends correctly that, in light of <u>Dorsey</u>, no mandatory minimum applies to his case, his arguments for further relief are unavailing because neither his amended guideline range nor sentence is driven by a statutory minimum.   This Court has already explained why Young's history and characteristics, the need for the sentence imposed to protect the public, and the need to avoid unwarranted sentence disparities justify a sentence at the high end of the amended guideline range.   (Doc. 58).

new rule of constitutional law . . . .").

Upon the foregoing, this Court lacks jurisdiction to consider Young's present motion because it is a second or successive habeas petition filed without the requisite permission from the court of appeals. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Accordingly, Young's motion (Doc. 61) is **DENIED**. The Government's motion to dismiss (Doc. 63) is **DENIED as MOOT**.

**DONE** and **ORDERED** this the **13**[th] day of **July 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**