# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION 09-116-KD-M |
| ) | |
| JOHNNY EDWARD YOUNG, ) | |
|    Defendant. ) | |

## ORDER

This matter is before the Court on Defendant Johnny Edward Young's second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 65). Earlier this year, the Court granted Defendant's first § 3582(c)(2) motion and reduced Defendant's term of imprisonment from 105 months to 87 months. (Doc. 59). In that first motion, Defendant argued that retroactive application of Amendment 750 to the United States Sentencing Guidelines had the effect of reducing Defendant's base offense level from 26 to 24 and of reducing Defendant's total offense level from 22 to 20. (Doc. 49 at 16). Defendant argues now that his sentence should be reduced further because, according to Defendant's latest calculations, retroactive application of Amendment 750 to the facts of Defendant's case yields a total offense level of 18. (Doc. 65 at 4). To arrive at a total offense level of 18, Defendant starts with a base offense level of 24, deducts three levels for acceptance of responsibility and then deducts another three points for substantial assistance. (Id. at 5). However, Defendant's calculation ignores the critical fact that, at sentencing, the Court applied a two-level enhancement for obstruction of justice that is unaffected by the retroactive amendment. See Dillon v. United States, 130 S. Ct. 2683, 2694 (2010) (citing U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2009)). Accordingly, Defendant's total offense level after retroactive

1

application of Amendment 750 is 20 — exactly what Defendant previously suggested it should be — and his amended guideline range is 70 to 87 months imprisonment. The Court has already explained why a sentence at the high end of that range is appropriate. (Doc. 58 at 1-2).

In accordance with the foregoing, Defendant is not entitled to any further § 3582(c)(2) relief, and his motion (Doc. 65) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **6th** day of **August 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**